IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

MARIA LILIA RUIZ,

**Plaintiff**

v.

RUTH A. DOROCHOFF, Chicago District
Director of the Citizenship and Immigration
Services; MICHAEL CHERTOFF, Secretary
of the U.S. Department of Homeland Security;
and ROBERT S. MUELLER, III, Director
of the Federal Bureau of Investigation,

**Defendants.**

**CASE NO. 08 C 1744**

**Judge Norgle**

**PLAINTIFF'S BRIEF IN SUPPORT OF JURISDICTION**

**Introduction**

Plaintiff, MARIA LILIA RUIZ, by and through her attorneys, submits this brief in

support of this Court's jurisdiction over this matter, as there are grounds for jurisdiction under 28

U.S.C. § 1361, 5 U.S.C. §§ 701-706, and 8 U.S.C. § 1447(b). Plaintiff asserts this Court's

jurisdiction pursuant to the mandamus statute, 28 U.S.C. § 1361, and the Administrative

Procedures Act, 5 U.S.C. §§ 701-706, for the Defendants' failure to adjudicate Plaintiff's N-400

Application for Naturalization, which has been pending since July 30, 1999. Further, Plaintiff

has the right to seek this Court's jurisdiction pursuant to 8 U.S.C. § 1447(b) for USCIS's failure

to adjudicate the N-400 Application for Naturalization within 120 days after her initial interview

on August 30, 2001. Pursuant to the Judge's order of June 20, 2008, Plaintiff submits this brief

in support of the Court's jurisdiction. Based on the clear statutory language and federal court

decisions cited herein, this Court should find that there is proper subject matter jurisdiction.

## Background

Plaintiff, Maria Lilia Ruiz is a seventy-six-year-old native citizen of Colombia. Complaint ¶ 2. Ms. Ruiz has been a lawful permanent resident of the United States since October 23, 1991. Complaint ¶ 7. Ms. Ruiz has been diagnosed with gastric lymphoma for which she is currently undergoing chemotherapy. On July 30, 1999, Ms. Ruiz filed a Form N-400 Application for Naturalization (the "Application") with the U.S. Citizenship and Immigration Service (the "Service" or "USCIS"). Complaint ¶ 8. To date, USCIS has failed to issue a decision on the Application.

Ms. Ruiz had her initial interview for the Application on August 30, 2001 at the Chicago District Office of USCIS, and the case was continued because Plaintiff did not pass her English and civics exams after her request for the disability exception was denied. Complaint ¶ 9. On November 1, 2001, Ms. Ruiz had a second interview at which her disability exception was accepted and the case was continued. Complaint ¶ 9. At a follow-up interview for her application on January 3, 2002, Ms. Ruiz' application was recommended for approval. Complaint ¶ 9. The interviewing officer indicated in the N-652 Naturalization Interview Results that USCIS would notify Ms. Ruiz of the oath ceremony upon final approval. Complaint ¶ 9. To date, no decision has been issued on Ms. Ruiz' application, which has been pending for nine years. It has been six years and eleven months since her first interview, and it has been six and a half years since her interview in 2002 at which the officer indicated Plaintiff was recommended for approval.

Since August 2002, Ms. Ruiz has repeatedly filed inquiries to determine the status of her Application and to request that the Service schedule her for a naturalization oath ceremony. Complaint ¶ 10. Ms. Ruiz has filed regular inquiries during that time through her attorneys and

the Office of the Honorable Luis V. Gutierrez, U.S. Representative of Illinois. Complaint ¶¶ 10-

15. In response to the inquiries, the Service has indicated a variety of reasons for the delay,

including (1) the file was located at a different section of the Chicago District, Complaint § 10;

(2) the Service's database indicated that the Application had not been updated to reflect the

interview at which she was approved, Complaint ¶ 10; (3) "enhanced security procedures,"

Complaint ¶ 11; and (4) the need for updated fingerprints because Ms. Ruiz' fingerprints' results

had expired (no doubt due to the delayed adjudication), Complaint ¶ 12. The Service failed to

respond to inquiries filed by Congressman Gutierrez' office in March 2005, as well as Plaintiff's

attorneys' inquiries filed in May 2007 and September 2007.

According to the most recent posting (June 15, 2008) of the USCIS Chicago District

Office's, the processing time for N-400 Applications for Naturalization is eleven months. In

sharp contrast to the posted processing time, Ms. Ruiz' application has been pending for 108

months. It has been 83 months since her first interview, and it has been 78 months since the 2002

interview during which the officer issued documentation confirming that she was recommended

for approval. To date, no final decision has been made and Ms. Ruiz has not been scheduled for

her naturalization oath ceremony. The severe delay is especially noteworthy given Ms. Ruiz'

age and fragile health condition.

<u>**Argument**</u>

I.      **This Court Has Proper Jurisdiction Over this Claim Pursuant to the
        Mandamus Statute at 28 U.S.C. § 1361, and under the Administrative
        Procedures Act because Defendants Have Failed to Proceed as Directed in 5
        U.S.C. § 555(b).**

        A.      **Mandamus Jurisdiction under 28 U.S.C. § 1361**

This Court has subject matter jurisdiction in this case pursuant to 28 U.S.C. § 1361

because Defendants owe Plaintiff a clear non-discretionary duty to adjudicate the N-400

Application. Mandamus jurisdiction is codified at 28 U.S.C. § 1361, which states, "[t]he district courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." "The common-law writ of mandamus...is intended to provide a remedy for a plaintiff only if he has exhausted all other avenues of relief and only if the defendant owes him a clear non-discretionary duty." *Heckler v. Ringer*, 466 U.S. 602, 616, 104 S. Ct. 2013 (1984). The requirements of issuing a writ of mandamus are: plaintiff has a clear right to relief sought, defendant has a duty to perform the act in question, and there is no other adequate remedy available. *Ahmed v. DHS*, 328 F.3d 383, 386-87 (7th Cir. 2003).

### B.    Jurisdiction Pursuant to the Administrative Procedures Act for Violating Duties under 5 U.S.C. § 555(b)

This Court has subject matter jurisdiction in this case because Plaintiff can show that Defendants have a non-discretionary duty to act and have unreasonably delayed in acting on that duty. Through federal question jurisdiction (28 U.S.C. § 1331), the Administrative Procedures Act ("APA") authorizes district courts to compel agency action when an agency unlawfully withholds action or unreasonably delays action. *Norton v. Southern Utah Wilderness Alliance*, 542 U.S. 55, 61, 124 S. Ct. 2373 (2004). Courts may compel agency action where there is "[a] person suffering legal wrong because of agency action, or adversely affected or aggrieved by agency action within the meaning of a relevant statute." *Norton*, 542 U.S. at 61; 5 U.S.C. § 702. "Agency action" is defined to "include 'the whole or a part of an agency rule, order, license, sanction, relief, or equivalent or denial thereof, *or failure to act*.'" *Norton*, 542 U.S. at 62 (emphasis in original). Under section 555(b) of the APA, agencies have a non-discretionary duty to adjudicate applications within a reasonable period of time. In essence, a district court has

4

subject matter jurisdiction under the APA where the plaintiff shows that a defendant had a non-discretionary duty to act and unreasonably delayed in performing that duty. *Id.* at 63-65; 5 U.S.C. 706(1).

"Relief under mandamus and the APA are virtually equivalent when a petitioner seeks to compel an agency to act on a non-discretionary duty." *Liu v. Chertoff,* 2007 U.S. Dist. LEXIS 50173, *8 (E.D. Cal. Jul. 11, 2007) (*citation omitted*) (*holding* the duty to adjudicate I-485 applications was non-discretionary and that district court had subject matter jurisdiction under both 28 U.S.C. § 1361 and the APA).

> **C.**   **This Court has Subject Matter Jurisdiction Pursuant to 28 U.S.C. § 1361 and the APA Because Plaintiff Has a Clear Right to the Relief Sought, Defendants Have a Non-discretionary Duty to Process and Adjudicate N-400 Applications within a Reasonable Timeframe, and There is No other Adequate Remedy Available to Plaintiff.**
>
> > **i.**   **Plaintiff has a clear right to the relief sought and Defendants have a non-discretionary duty to process and adjudicate naturalization applications within a reasonable timeframe.**

Plaintiff has a clear right to have her naturalization application adjudicated, and Defendants have a clear duty to adjudicate Plaintiff's application within a reasonable amount of time. The Immigration and Nationality Act ("INA") and its implementing regulations impose non-discretionary duties regarding the processing and adjudication of an application for naturalization. Department of Homeland Security regulations state that each applicant for naturalization *shall* appear before a USCIS officer for an interview. 8 U.S.C. § 1446(a); 8 C.F.R. § 335.2(a). Therefore, an interview of an applicant for naturalization is non-discretionary. *See Ren v. Mueller,* 2008 WL 191010, *5 (M.D.Fla. Jan. 22, 2008) (citation omitted). Similarly, the adjudication of an application for naturalization is also non-discretionary. 8 U.S.C. § 1446(d) ("The employee designated to conduct any such [naturalization] examination *shall* make a

determination as to whether the application should be granted or denied, with reasons therefore.") (emphasis added). The regulations also indicate the non-discretionary duty to adjudicate. 8 C.F.R. § 316.14(b)(1) ("The employee of the Service who conducts the examination [for the naturalization application] *shall* determine whether to grant or deny the application, and *shall* provide reasons for doing so.") (emphasis added). Further, "It is the sense of Congress that the processing of an immigration benefit application should be completed not later than 180 days after the initial filing of the application...." 8 U.S.C. § 1571(b).

In addition to the clear mandatory language cited above, by authorizing the agency to collect fees from applicants for naturalization, Congress intended that the agency actually make a decision on the filed applications. Congress has authorized USCIS to charge filing fees to applicants for naturalization to compensate for the costs of "adjudication and naturalization services." 8 U.S.C. § 1356(m). The fees now required for filing an N-400 Application for Naturalization have recently increased to $595.00 for the application and $80.00 for a biometrics fee. In May 2007, USCIS indicated that the fee increase was to ensure that the fees covered the "full costs of providing adjudication and naturalization services." 72 Fed. Reg. 29851, 29852 (May 30, 2007). Further, the Service intended for the fee increase to actually reduce the processing time for naturalization applications from seven to five months, running from the time of the application to the naturalization oath ceremony. 72 Fed. Reg. at 28959. (Compare this to Plaintiff's processing time that is now three weeks shy of nine years.) Given Congress' intent to allow the agency to collect fees for adjudication services, it does not follow that USCIS should be permitted to fail to process or adjudicate an application for naturalization.

Defendants owe a non-discretionary duty to adjudicate Plaintiff's application because the regulations do not allow for agency discretion with respect to processing and rendering a

decision on an application for naturalization. In addition to the non-discretionary duty to make a decision on the naturalization application, the agency has a non-discretionary duty to adjudicate applications within a reasonable period of time under section 555(b) of the APA. *See also* 5 U.S.C. 706(1). In light of the APA, USCIS has a "mandatory non-discretionary obligation to adjudicate such applications within a reasonable amount of time." *Kaplan v. Chertoff*, 481 F.Supp.2d 370, 399 (E.D. Pa. 2007) ("[USCIS] cannot simply ignore [applications]. The CIS regulations' use of mandatory rather than permissive language supports this conclusion...."). The court in *Kaplan* noted that its finding regarding the APA is in step with the majority opinion across the country: "The majority of courts have thus concluded that 'the CIS simply does not possess unfettered discretion to relegate aliens to a state of 'limbo,' leaving them to languish there indefinitely.'" *Id. (quoting Kim v. Ashcroft,* 340 F. Supp. 2d 384, 393 (S.D.N.Y. 2004).

In citing decisions from district courts across the nation, the court in *Kaplan* bolstered its position in favor of finding jurisdiction under the APA because of the agency's failure to adjudicate an application within a reasonable time. *Id. (citing Liu Duan v. Zamberry,* No. 06-1351, 2007 U.S. Dist. LEXIS 12697 (W.D. Pa. Feb. 23, 2007) (USCIS violated APA for failing to make decision on unreasonably delayed naturalization application); *Alkenani v. Barrows,* 356 F. Supp. 2d 652, 657 (N.D. Tex. 2005) (USCIS has a duty to process an application for naturalization within a reasonable time); *Ngwanyia v. Ashcroft,* 302 F. Supp. 2d 1076, 1083 (D. Minn. 2004); *Yue Yu v. Brown,* 36 F. Supp. 2d 922, 930 (D. N.M. 1999); *Fraga v. Smith,* 607 F. Supp. 517, 520 (D. Or. 1985)). Courts have also found jurisdiction under the mandamus statute and the APA despite the government's reason of delayed FBI security checks. *Han Cao v. Upchurch,* 496 F. Supp. 2d 569, 574 (E.D. Pa. 2007) (The excuse of "national security does not require that [USCIS] also have absolute discretion to delay such an application to Dickensian

lengths"). While the duty to adjudicate within a reasonable timeframe is clear under the APA,

the question of reasonableness is not to be determined at this stage, and should be reserved for

the merits of Ms. Ruiz' claim. However, to borrow from the language of *Kim*, Plaintiff's

application has languished for nine years in a state of limbo.

On June 20, 2008, this Court instructed the parties in this matter to frame their respective

arguments after having considered decisions in district courts, including this one, that have held

that "the pace that USCIS adjudicates applications is discretionary, and therefore district courts

lack subject matter jurisdiction to grant mandamus relief to speed up the adjustment process."

*See* Court's Instructions of June 20, 2008 (*citing Sharif v. Chertoff*, 497 F. Supp. 2d 928 (N.D.

Ill. 2007) (Norgle, J.); *Li v. Chertoff*, 482 F. Supp. 2d 1172 (S.D. Call. 2007); *Grinberg v.

Swacina*, 478 F. Supp. 2d 1350 (S.D. Fla. 2007); *Safadi v. Howard*, 466 F. Supp. 2d 696 (E.D.

Va. 2006); *Zheng v. Reno*, 166 F. Supp. 2d 875 (S.D.N.Y. 2001)). The Court also noted the

Court's Order of May 27, 2008 in *Miroshnichenko v. Blackwood*, No. 08 C 0293. While

Plaintiff acknowledges the cases that this Court has cited in the Instructions, at least an equal

number of district courts throughout the country have found jurisdiction to be proper in the

adjustment delay context. *See e.g. Saleem v. Keisler*, 520 F. Supp. 2d 1048, 2007 U.S. Dist

LEXIS 80044, 2007 WL 3132233 (W.D. Wis. Oct. 26, 2007); *Liu v. Chertoff*, 2007 U.S. Dist.

LEXIS 50173, *8; *Lei Xu v. Chertoff*, No. 07-366, 2007 U.S. Dist. LEXIS 50027, 2007 WL

2033834 (D. N.J. 2007); *Guangming Liu v. Chertoff*, No. 06-3297, 2007 U.S. Dist. LEXIS

29640, 2007 WL 1202961 (C.D. Ill. Apr. 23, 2007); *Hoyoung Song v. Klapakas*, No. 06-05589,

2007 U.S. Dist. LEXIS 27203, 2007 WL 1101283 (E.D. Pa. Apr. 12, 2007).

Further, courts within this very district have found subject matter jurisdiction and held

that the agency has a non-discretionary duty to adjudicate within a reasonable time, as mandated

in the APA. *See Kamal v. Gonzales*, 2008 U.S. Dist. LEXIS 15942 (N.D. Ill. Mar. 3, 2008); *Camerena v. Chertoff*, 2008 U.S. Dist. LEXIS 3283 (N.D. Ill. Jan. 16, 2008); *Khelashvili v. Dorochoff*, 2007 U.S. Dist. LEXIS 89718 (N.D. Ill. Dec. 6, 2007); *Paunescu v. INS*, 76 F. Supp. 2d 896, 901 (N.D. Ill. 1999) (*holding* a ten-month delay unreasonable); *Agbemaple v. INS*, No. 97-8547, 1998 U.S. Dist. LEXIS 7953, 1998 WL 292441, at *2 (N.D. Ill. May 18, 1998) (*finding* dismissal inappropriate because a twenty-month delay could be found to be unreasonable and *holding* as a matter of law that plaintiff "is entitled to a decision within a reasonable time, and that it is within the power of the court to order such an adjudication").

With regard to the pace of adjudicating applications, in *He v. Chertoff*, 528 F. Supp. 2d 879; 2008 U.S. Dist. LEXIS 628 (N.D. Ill. 2008), the court held that USCIS does not have "absolute discretion over the pace of adjudication because this could in theory lead to indefinite delay for which mandamus relief would be unavailable." 528 F. Supp. 2d at 883 (*citing Agbemaple*, 1998 U.S. Dist. LEXIS 7953, *6). The concern for "indefinite delay" in the naturalization context is particularly important given the clear non-discretionary duties to process and adjudicate applications for naturalization. "Indefinite delay" is at the heart of this matter since Ms. Ruiz' application has been pending for nine years and still USCIS has failed to make a decision. Given Ms. Ruiz' age and health condition, the agency's willingness and ability to adhere to its duty to adjudicate her naturalization application within a reasonable timeframe are crucial. Further, the timely adjudication is especially significant in light of the constitutionally protected rights that accompany citizenship: the right to vote and the right to serve on a jury.

The district court decisions that the Court cites in its Instructions are distinguishable from this case because they contemplate delays in either I-129F Fiancé Petitions or adjustment of status applications, and not applications for naturalization. This distinction between adjustment

and naturalization applications is demonstrated in the *Miroshnichenko* Order. In the Order

entered in *Miroshnichenko*, the Court finds that an adjustment application falling within 8 U.S.C.

§ 1255, INA § 245, bars judicial review of adjustment applications because, as the Court

interprets, the agency's duty to adjudicate is discretionary in the adjustment context. Plaintiff

respectfully disagrees with that interpretation because while the final decision to approve or deny

is discretionary, the duty to actually make a decision is not discretionary. Be that as it may, the

discretionary argument employed in *Miroshnichenko* is inapplicable in this matter because Ms.

Ruiz' application is for naturalization.

As discussed above, the statutes and regulations are clear as to the non-discretionary duty

to adjudicate applications for naturalization. Therefore, this case is clearly distinguishable from

the cases cited in the Instructions, as this is not a request to "speed up the adjustment process."

*See* Court's Instructions. Instead, this is a matter filed pursuant the mandamus statute for

Defendants' failure to adjudicate an application for naturalization within a reasonable timeframe;

namely, within nine years. Further, the Court's Instructions fail to acknowledge decisions,

including from this district, which have recognized subject matter jurisdiction for delayed

naturalization applications that violated the agency's duties under the APA. *See e.g. El Masri v.*

*Dorochoff*, 2008 U.S. Dist. LEXIS 13946 (N.D. Ill. Feb. 25, 2008); *Alkenani*, 356 F. Supp. 2d at

657; *Yue Yu*, 36 F. Supp. 2d at 930; *Fraga*, 607 F. Supp. at 520.

### ii.    There is No other Adequate Remedy Available to Plaintiff.

Having established the agency's duty to adjudicate the naturalization application within a

reasonable timeframe, Plaintiff must satisfy the final requirement for mandamus jurisdiction: she

has available to her no other adequate remedy. As indicated above, Ms. Ruiz has filed multiple

inquiries through her attorneys and the Office of Representative Gutierrez. Despite her efforts,

10

her application has remained unadjudicated for nine years. The delay is of no fault of Ms. Ruiz,

and the Defendants have provided no clear reason for the delay; nor have they informed Ms.

Ruiz of anything further she can do to cure the delay. There is no other mechanism available to

Plaintiff to communicate administratively with USCIS or the other Defendants to request that

they act and adjudicate the application.

**II.    This Court Has Proper Jurisdiction Because Plaintiff May Seek Jurisdiction of this Court, Pursuant to 8 U.S.C. § 1447(b), Where USCIS Fails to Adjudicate Applications for Naturalization within 120 Days of the Interview.**

Plaintiff has the right to request that this Court exercise jurisdiction pursuant to 8 U.S.C.

§ 1447(b). After an applicant for naturalization has attended an interview with the agency

regarding that application, the applicant may elect to have a U.S. district court exercise

jurisdiction over the adjudication if the agency has not rendered a decision within 120 days of the

interview. 8 U.S.C. § 1447(b). Ms. Ruiz had her initial interview on the Application on August

30, 2001 at the Chicago District Office of USCIS. Complaint ¶ 9. On November 1, 2001, Ms.

Ruiz had a second interview at which her disability exception was accepted and the case was

continued. Complaint ¶ 9. At a follow-up interview for her application on January 3, 2002, Ms.

Ruiz' Application was recommended for approval. Complaint ¶ 9. To date, no decision has

been made on her application, and the 120-day mark has long passed. Therefore this Court

would have proper jurisdiction to hear this matter pursuant to 8 U.S.C. § 1447(b). *See Etape v.*

*Chertoff,* 497 F.3d 379, 386 2007 WL 2200286 (4th Cir. 2007) ("Congress included §

1447(b)…to ensure that applicants had a judicial recourse when the CIS failed to act.

Ultimately, 'it is the applicant, not the government, who decides the place and the setting and the

*timeframe* in which the application will be processed.'") (emphasis in original) (*quoting* 135

Cong. Rec. H4542); *Walji v. Gonzales,* 500 F.3d 432 (5th Cir. 2007); *U.S. v. Hovsepian,* 359

F.3d 1144 (9th Cir. 2004) (8 U.S.C. § 1447(b) provides for jurisdiction within district court over

pending naturalization applications that have not been decided by USCIS within 120 days from

the naturalization interview).

**Conclusion**

Plaintiff, a seventy-six-year-old U.S. permanent resident suffering from gastric

lymphoma, has filed this action because her application for naturalization has been pending for

nine years. In light of the non-discretionary duties to adjudicate the application under 8 U.S.C. §

1446(d), 8 C.F.R. § 316.14(b)(1), and 8 U.S.C. § 1571; the duty to adjudicate the application

within a reasonable time under section 555(b) of the APA; and the right to seek jurisdiction in

district court under 8 U.S.C. § 1447(b), Plaintiff respectfully submits that this Court has proper

bases for subject matter jurisdiction over this matter.


                                    Respectfully submitted,


Dated:    _July 7, 2008_____            _s/ Robert C. Milla_____
                                        Robert C. Milla
                                        KEMPSTER, KELLER & LENZ-CALVO, LTD.
                                        332 S. Michigan Avenue, Suite 1428
                                        Chicago, IL 60604
                                        (312) 341-9730
                                        Attorneys for Plaintiff

## <u>CERTIFICATE AND AFFIDAVIT OF DELIVERY ELECTRONICALLY</u>

I, Robert Milla, hereby certify that on July 7, 2008, I electronically filed **PLAINTIFF'S**

**BRIEF IN SUPPORT OF JURISDICTION** with the Clerk of the Court using the CM/ECF

system which will send notice of such filing to:

USAILN.ECFAUSA@usdoj.gov

stacy.dezsi@usdoj.gov

ernest.ling@usdoj.gov


s/ Robert C. Milla
Robert C. Milla

KEMPSTER, KELLER & LENZ-CALVO, LTD.
332 S. Michigan Avenue, Suite 1428
Chicago, IL 60604
(312) 341-9730
Attorneys for Plaintiff

13